IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON SYREK,

        Petitioner,

v.                                              Civil Action No. 5:07CV111
                                                            (STAMP)
WAYNE A. PHILLIPS, Warden,

        Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

        I.    Facts and Procedural History

On April 12, 2007, the petitioner was sentenced for bank fraud in the United States District Court for the Northern District of Ohio to a thirteen-month period of imprisonment, to be followed by three years of supervised release. On September 4, 2007, the petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons ("BOP") to transfer him to a Community Corrections Center ("CCC") for the final six months--rather than the final ten percent--of his prison term. This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

On October 10, 2007, in response to a show cause order dated September 13, 2007, the respondent filed a motion to dismiss the petition as moot because the petitioner had been recommended for CCC placement on October 5, 2007 for a period of thirty to forty-

five days, and the BOP had complied with the relevant statutory regulations in determining the length of the petitioner's CCC placement. The petitioner timely responded.

In the report setting forth his recommended disposition, the magistrate judge recommends that the respondent's motion to dismiss be granted, and that the petitioner's § 2241 be denied as moot and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, that the respondent's motion to dismiss should be granted, and that the petitioner's § 2241 petition should be denied as moot and dismissed with prejudice.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). In this case, within the allotted ten-

day period, the petitioner filed objections. Accordingly, this Court reviews the record <u>de novo</u>.

In ruling on a motion to dismiss, a court must accept as true all well-pleaded factual allegations. <u>Walker v. True</u>, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957).

### III. <u>Discussion</u>

When determining the period for CCC placement, the BOP must consider five factors, set forth at 18 U.S.C. § 3621(b). These factors include:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the offender;
> (4) any statement by the court that imposed the sentence--
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

The petitioner correctly asserts that the BOP cannot rely upon a categorical formula to determine the length of an inmate's CCC placement. See, e.g. Jaworski v. Gutierrez, 509 F. Supp. 2d 573, 583-84 (N.D. W. Va. 2007). Rather, the BOP must consider the § 3621(b) statutory factors. Id. According to the petitioner, the BOP has unlawfully applied a categorical formula of ten percent of his period of incarceration to calculate his period of CCC placement.

The respondent's motion to dismiss argues that the BOP, when determining the length of the petitioner's CCC placement, did, in fact, consider the five factors required by 18 U.S.C. § 3612(b), as opposed to applying a categorical formula. Therefore, the respondent urges, the petitioner has failed to present a live controversy and this Court lacks jurisdiction to adjudicate the petitioner's claims.

In response to the motion to dismiss, the petitioner contends that merely because the BOP claims that it has considered the § 3612 factors does not mean that it has actually done so. As evidence, the petitioner observes that the release date into a CCC is determined by a software program and that no inmate has ever been recommended for anything but the last ten percent of his sentence.

In his report and recommendation, the magistrate judge found that the BOP properly considered the § 3612(b) factors and that the

petitioner had received all the consideration to which he is entitled thereunder. The petitioner, objecting to the report and recommendations, repeats the arguments asserted in his response to the motion to dismiss, and notes that his release date into a CCC corresponds exactly to the last ten percent of his sentence. He further argues that the BOP and the magistrate judge have elevated form over substance. Consequently, he urges the controversy is not moot.

This Court has conducted a de novo review of the record and concludes that neither the statute nor case law entitles the petitioner to an order from this Court directing the BOP to transfer him to a CCC for a longer period than has already been granted. An inmate's CCC placement which is limited to the lesser of ten percent of his sentence or six months is invalid only where the BOP fails to consider the statutory factors. Jaworski, 509 F. Supp. 2d at 595. Here, the BOP referral form for CCC placement demonstrates that the BOP considered the § 3621(b) factors when determining the petitioner's placement for a thirty- to forty-five-day period. Specifically, the referral form states:

> 1. There are available community corrections in his release area. 2. The nature and circumstances of the offense are eligible for community corrections as there was no violence or other extenuating circumstances that would preclude placement. 3. The history and characteristics of the inmate are: he has an established residence and community ties; he is college educated and should have no problem securing employment during community corrections placement as he was employed prior to the instant offense; his sentence is relatively short

> and he has not been removed from the community for a particularly lengthy period. Therefore, a 30-45 day placement should be adequate time for him to take full advantage of transitional services and programs. 4. There were no statements on the [Judgment and Commitment] from the sentencing court in the Northern District of Ohio regarding community corrections placement at the time of sentencing, and 5. There is no pertinent policy by the Sentencing Commission.

(Dckt. 7-3, p. 7.)

This Court agrees with the magistrate judge's finding that the BOP has done all that it is required to do by considering the § 3621 factors in determining the petitioner's CCC placement period.

Further, this Court agrees with the magistrate judge that because the petitioner has received all the benefit to which he is entitled, the issues for which the petitioner seeks redress are moot and this Court must therefore dismiss this action for lack of subject matter jurisdiction. The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a case ceases to present a viable legal issue requiring resolution, the case becomes moot. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render it moot, the case must be dismissed. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, the magistrate judge properly found that the petitioner has already been granted the relief sought, namely that the BOP consider the § 3621(b) factors when making a determination about

the duration of the petitioner's CCC placement.[1]  Accordingly, this action is moot and must be dismissed.[2]  For these reasons, the case is moot, and this Court lacks jurisdiction to consider the issues raised therein.

IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, for the reasons set forth above, the respondent's motion to dismiss is GRANTED, and the petitioner's § 2241 petition is DENIED AS MOOT and DISMISSED WITH PREJUDICE.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered.  See Fed. R. App. P. 4(a)(1).  He is further advised that a certificate of appealability is not required for a federal

---

[1] To the extent that the petitioner seeks an order requiring the BOP to afford him a longer period of CCC placement, this Court lacks authority to grant the relief he seeks.  See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3d Cir. 2005) (the BOP's authority to grant an inmate CCC placement does not impose a requirement that it must do so).

[2] Additionally, this Court observes that according to the BOP inmate locator website, the petitioner was released from federal custody on May 14, 2008.  Because the petitioner is no longer in the custody of the BOP, the petitioner's legal challenges no longer require resolution.  Accordingly, this action is also rendered moot on the basis of the petitioner's release from BOP custody.

prisoner proceeding under 28 U.S.C. § 2241.  <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 17, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE